**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4371**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ISADORE JOHNSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:15-cr-00166-FDW-DSC-1)

Submitted: January 18, 2018                 Decided: March 5, 2018

Before DUNCAN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isadore Johnson appeals from the criminal judgment entered following his conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Johnson challenges the district court's denial of his motion to suppress a firearm discovered on his person by police. We affirm.

"In reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (alterations and internal quotation marks omitted). When the district court denies a defendant's motion to suppress, "we construe the evidence in the light most favorable to the government." *Clarke*, 842 F.3d at 293 (internal quotation marks omitted).

Johnson argues that Charlotte-Mecklenburg Police Detective Rolando Ortiz-Trinidad detained him without reasonable suspicion and, therefore, that the frisk of Johnson's person conducted during his detention that revealed a firearm violated the Fourth Amendment. "Although brief encounters between police and citizens require no objective justification, a brief investigatory stop is impermissible unless the officer's action is supported by a reasonable and articulable suspicion that criminal activity may be afoot." *United States v. Foster*, 824 F.3d 84, 88 (4th Cir. 2016) (alterations, citations,

2

and internal quotation marks omitted). If a person is seized within the meaning of the Fourth Amendment, then we consider whether the seizure is supported by reasonable suspicion under the totality of the circumstances. *Id.* at 89. "While a mere hunch is insufficient, reasonable suspicion is less demanding than probable cause and may well fall considerably short of satisfying a preponderance of the evidence standard." *Id.* (alterations and internal quotation marks omitted). "Seemingly innocent factors, when viewed together, can amount to reasonable suspicion." *Id.* However, we have cautioned the government not "to spin largely mundane acts into a web of deception." *Id.* (alterations and internal quotation marks omitted).

We conclude that, when Detective Ortiz-Trinidad approached Johnson and began questioning him, Ortiz-Trinidad had reasonable suspicion to detain Johnson and investigate whether Johnson was engaged in criminal activity. At the time Ortiz-Trinidad detained Johnson, Ortiz-Trinidad knew the police had received a complaint that Johnson's companion was engaging in prostitution at her apartment and that officers had observed Johnson perform acts consistent with those of a lookout or guard outside of the companion's apartment. In addition, another officer informed Ortiz-Trinidad that Johnson carried a firearm when he exited his companion's apartment, which might seem suspicious considering that Johnson left the apartment only to stand nearby with child in tow. And, based on Ortiz-Trinidad's experience, he knew that women engaged in similar crimes commonly had others act as security, which might explain why Johnson carried a firearm. *See United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) (recognizing that

3

reasonable suspicion analysis must account for "the particular experience of officers charged with the ongoing tasks of law enforcement").

Furthermore, on the day Ortiz-Trinidad detained Johnson, an undercover detective arranged to meet Johnson's companion. Shortly before the undercover detective arrived at the companion's apartment, Ortiz-Trinidad observed Johnson act in a manner consistent with previously received information. Under the totality of the circumstances, Ortiz-Trinidad had reasonable suspicion that Johnson was aiding and abetting his companion in committing prostitution and, thus, could detain Johnson to confirm or dispel his suspicion. *See State v. Goode*, 512 S.E.2d 414, 422 (N.C. 1999) (stating elements of aiding and abetting).

Accordingly, we conclude that the district court properly denied Johnson's motion to suppress, and we affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because Johnson's argument on appeal related to the subsequent frisk relies on his assertion that Ortiz-Trinidad lacked reasonable suspicion to detain him, we conclude that Johnson's challenge to the frisk also fails.

4